IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:24-CV-339-D

| | |
|---|---|
| ARTHUR ALBERT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| FRANK J. BISIGNANO, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

On June 18, 2024, Arthur Albert ("Albert" or "plaintiff") filed a complaint [D.E. 1] and motion to proceed in forma pauperis [D.E. 2]. On June 27, 2024, the court denied Albert's motion to proceed in forma pauperis [D.E. 5]. On November 26, 2024, Albert sought judgment on the pleadings concerning an Administrative Law Judge's ("ALJ") decision to deny his application for disability benefits and moved to reverse the ALJ's decision or vacate and remand for further agency proceedings [D.E. 12]. On January 27, 2025, the Commissioner of Social Security responded in opposition [D.E. 15]. On February 6, 2025, pursuant to 28 U.S.C. § 636(b)(1), the court referred the matter to United States Magistrate Judge Numbers for a memorandum and recommendation on Albert's social security appeal [D.E. 16].

On May 13, 2025, Magistrate Judge Numbers issued a memorandum and recommendation ("M&R") [D.E. 17]. In the M&R, Magistrate Judge Numbers recommended that the court grant Albert's request for relief, vacate the ALJ's decision, and remand for further consideration. See id. at 1–17.

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (cleaned up); see 28 U.S.C. § 636(b). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315 (quotation omitted). If a party makes only general objections, de novo review is not required. See Wells v. Shriners Hosp., 109 F.3d 198, 200 (4th Cir. 1997). In "order to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." Martin v. Duffy, 858 F.3d 239, 245 (4th Cir. 2017) (quotation omitted); see United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007).

Neither party objected to the M&R. Therefore, the court reviews for clear error. The court has reviewed the M&R and the record. There is no clear error on the face of the record. See Diamond, 416 F.3d at 315.

In sum, the court ADOPTS the conclusions in the M&R [D.E. 17], GRANTS Albert's motion for judgment on the pleadings, VACATES the ALJ's decision, and REMANDS to the Commissioner of Social Security for further consideration.

SO ORDERED. This 12 day of June, 2025.

*J. Dever*
JAMES C. DEVER III
United States District Judge

2
Case 5:24-cv-00339-D-RN    Document 18    Filed 06/12/25    Page 2 of 2